**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

_____

MARK ZARAZINSKI,

              Plaintiff,

      v.

GLENS FALLS INN ASSOCIATES, L.P. d/b/a
Baymont Inn & Suites Queensbury and VELANJA
HIRPARA, LLC,

              Defendants.

_____

**CASE NO.:**  1:22-cv-01148 (GTS/CFH)

**JURY TRIAL DEMANDED**

## COMPLAINT FOR INJUNCTIVE RELIEF

      Plaintiff, MARK ZARAZINSKI by and through undersigned counsel, and pursuant to the Federal Rules of Civil Procedure and all other applicable rules, statutes, regulations and governing legal authorities, hereby files this Complaint and sues GLENS FALLS INN ASSOCIATES, L.P., a New York limited partnership, d/b/a Baymont Inn & Suites Queensbury, and VELANJA HIRPARA, LLC, a New York limited liability company, (collectively, hereinafter the "Defendants") for injunctive relief, attorneys' fees and costs, including but not limited to disbursements, court expenses and fees, pursuant to 42 U.S.C. § 12181 _et seq._ (hereinafter "AMERICANS WITH DISABILITIES ACT" or "ADA") and the ADA Accessibility Guidelines 28 C.F.R. Part 36 (hereinafter "ADAAG"), and for injunctive relief and damages, pursuant to the NEW YORK STATE HUMAN RIGHTS LAW ("NYSHRL"), Article 15 of the New York State Executive Law ("Executive Law"), New York State Civil Rights Law ("Civil Rights Law"), § 40, and alleges as follows:

## INTRODUCTION

1. This lawsuit is in response to the inexcusable discriminatory misconduct by the Defendants when they mistreated and failed to accommodate an individual with disabilities who operates a motorized wheelchair for all daily mobility activities as he sought to celebrate his wedding anniversary with his spouse at the Defendants' place of lodging, to wit: The Baymont Inn & Suites located in Queensbury, New York. Despite having decades to come into compliance with all applicable laws and make their facility accessible to all, the Defendants instead made a financial decision to ignore their legal obligations and maintain their place of public accommodation and reservation system with numerous accessibility barriers for individuals with disabilities. The Defendants' place of public accommodation provides goods and services to the public (i.e., hotel lodging), but it imposes access barriers that make it difficult, if not impossible, for patrons with disabilities to use and enjoy the public accommodations at the place of lodging.   Additionally, to induce the Plaintiff to stay at their hotel, the Defendants published false or misleading information on their online reservation system regarding the hotel's purported compliance and accessibility features available to individuals with disabilities at the hotel.   Accordingly, this lawsuit intends to remediate Defendants' place of public accommodation and online reservation system so that it becomes fully accessible to the Plaintiff, and public at large, in the same manner in which customers without disabilities are able to use and enjoy the facility and online reservation system, so that individuals with disabilities are no longer discriminated against.

2. Defendants own and/or operate that certain hotel known as BAYMONT INN AND SUITES QUEENSBURY, located at 1 Abbey Lane, Queensbury, NY 12804 (the "Hotel"). The Hotel takes reservation through a website located at https://www.wyndhamhotels.com/baymont

(the "Website").  In addition to taking reservations through the Website, the Hotel provides information to the public through the Website, including available guestrooms and amenities at the Hotel.

3.  Defendants are required by federal law to ensure that all of their reservation systems, including their online reservation systems, *inter alia*, (a) accurately identify and describe accessible disability features of the Hotel in detail; (b) accurately identify and describe accessible disability features of ADA compliant guest rooms in detail; (c) permit individuals with disabilities to independently assess whether the Hotel and its available guestrooms meet their individual accessibility needs (by describing accessible *and inaccessible* features); and (d) allow reservations to be taken for accessible guestrooms in the same manner as for non-accessible guestrooms.[1]  Defendants have not complied.

4.  Because of Defendants' failure to provide accurate information on the Website concerning the accommodations available at the Hotel, and based on Defendants' misrepresentations that Plaintiff would be provided with an ADA-compliant room, including an ADA-compliant restroom, which it was not, the Plaintiff and his wife reserved a room to celebrate their anniversary at the Hotel.  Upon Plaintiff's arrival, he encountered numerous architectural barriers that prevented him from fully enjoying the goods, services, facilities, privileges, and/or accommodations of the Hotel.  This lawsuit follows.

## JURISDICTION AND VENUE

5.  This is an action for declaratory and injunctive relief brought pursuant to Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181, *et seq*. This Court is vested with original jurisdiction over this dispute pursuant to 28 U.S.C. § 1331 and § 1343. This Court

---

[1] This is a non-exclusive list of requirements imposed by 28 C.F.R. §36.302(e)(l). These requirements apply not only to the Website, but also to every online reservation system on which reservations can be made to stay at the Hotel, including orbitz.com, travelocity.com, hotels.com, and others.

has supplemental jurisdiction over Plaintiff's state law claims that arise out of the same nucleus of facts and circumstances as the subject federal claims.

6. Venue is proper and lies in this Court pursuant to 28 U.S.C. §1391 (B) in that the transaction or occurrence giving rise to this lawsuit, as well as, the discrimination occurred in the confines of the Northern District, State of New York.

7. This Court has supplemental jurisdiction pursuant to 28 U.S.C.S. §1367(a), over Plaintiff's pendent claims under the New York State Human Rights Law, N.Y. Exec. Law, Article 15 (Executive Law § 290 et seq.), and Civil Rights Law 40-b. The remedies provided by NYSHRL against discrimination are not exclusive and state administrative remedies do not need to be exhausted in connection with a lawsuit commenced pursuant to the Federal Civil Rights Act.  Such remedies do not need to be exhausted in connection with a lawsuit commenced pursuant to the Federal Civil Rights Act.

## THE PARTIES

8. At all times material hereto, Plaintiff, MARK ZARAZINSKI, was and is over the age of 18 years, *sui juris*, and is a resident of Massachusetts.  Plaintiff travelled from his residence in Massachusetts to the Hotel in Queensbury, New York to stay overnight at the Hotel and celebrate his wedding anniversary with his wife.

9. Mr. Zarazinski has at all material times suffered from a "qualified disability" under Title III of the ADA; Plaintiff carries a diagnosis of multiple sclerosis and uses a motorized wheelchair for mobility, in which Plaintiff utilizes his mouth muscles to manage his motorized wheelchair.   Plaintiff requires full support from his wife and caregivers and is completely immobilized and requires lifts to get in and out of his motorized wheelchair.

Plaintiff also has a physical disability within the meaning of the laws of the State of New York.

10. The Defendants, GLENS FALLS INN ASSOCIATES, L.P., a New York limited partnership, d/b/a Baymont Inn & Suites Queensbury ("Glens Falls"), and VELANJA HIRPARA, LLC, a New York limited liability company ("Velanja Hirpara"), are authorized to conduct, and are conducting business within the State of New York.

11. Upon information and belief, Glens Falls is the lessee and/or operator of the real property, and the owner of the improvements where the Hotel is located, which is the subject of this lawsuit, the facility commonly referred to as Baymont Inn & Suites Queensbury located at 1 Abbey Lane, Queensbury, NY 12804, (hereinafter and heretofore referred to as "Subject Property").

12. Upon information and belief, Glens Falls is also the owner/operator of its interactive Website, which is usable by persons to reserve, confirm, and pay for, Hotel guestrooms.

13. Upon information and belief, Velanja Hirpara is the owner, lessor and/or operator of the real property, where the Hotel is located which is the subject of this lawsuit, the facility commonly referred to as Baymont Inn & Suites Queensbury, located at Subject Property, and also maintains and controls the Hotel.

14. The Hotel is a place of "public accommodation" as that term is defined under the ADA.

15. Prior to the commencement of this action, Plaintiff and his wife personally used the Website reservation system to reserve a future overnight stay in the Hotel.

16. Despite not having to do so, Plaintiff's wife spoke with the Defendants about the Hotel's accessibility features wherein it was confirmed, in sum and substance, (a) the Hotel had ADA accessible parking; (b) an ADA compliant lobby; (c) a well-lit ADA complaint path for

travel; and (d) an ADA accessible guest room, including an accessible restroom with ADA compliant grab bars.

17. Prior to the commencement of this action, Plaintiff personally visited the Subject Property and lodged at the Hotel, as its guest, from July 11, 2022 through July 12, 2022.   During Plaintiff's stay, Plaintiff was denied full access to, and full enjoyment of the facilities at the Subject Property and the Hotel, and/or any accommodations offered to the public therein in that Plaintiff was restricted and limited by his disabilities, and therefore suffered an injury in fact.  Specifically, Defendants failed to provide ADA-compliant signage indicating the location(s) of ADA-compliant parking, and failed to provide a sufficiently wide access aisle along the purported-compliant parking spots.   As a result, Plaintiff had to be dropped off from his accessible van into the middle of the Hotel parking lot, where he felt scared and was in danger of being hit by another motor vehicle.   When attempting to check in, the Plaintiff discovered that the Hotel reception desk was not ADA-compliant and not usable by him, as a person with a disability. Architectural barriers, including but not limited to a step at the Hotel entrance and non-compliant interior doorways, also excluded the Plaintiff from areas of the Hotel and Subject Property, and on more than one occasion, even caused the Plaintiff to become involuntarily stuck or trapped between a door frame until Defendants' staff at the Hotel were summoned to help.   Inside the inaccessible guest room that Plaintiff was assigned by Defendants, he was unable to maneuver his motorized wheelchair due to the placement of the furniture, and was limited to using and enjoying only 50% of the space in the room. He was also provided with a bedframe that was at an insufficient height from the floor, which left no room for the legs of his personal lift, which he requires for assistance getting into and out of bed.   Due to Defendants' failure to provide a room with sufficient space and amenities

to accommodate Plaintiff's personal lift, the Defendants inserted cinderblocks under the bed in hopes that Plaintiff could use his foyer lift to access the bed.  As a result, when Plaintiff attempted to get into his bed, which was at an inaccessible height, his personal foyer lift fell over while in use by the Plaintiff, causing him to fall and sustain a laceration across his forehead and face.  Plaintiff also was in great pain and humiliated by the incident.  That, due to the inaccessible Hotel conditions, Plaintiff could not access the guest room's bathroom and was also forced to use a disposable chuck pad for bowel movements and urination.  Despite this, Plaintiff continues to desire to visit the Subject Property and/or the Hotel in the future, but upon the condition that it becomes accessible under the ADA and state laws. Nonetheless, Plaintiff continues to be injured in that he is unable to and continues to be discriminated against due to the architectural barriers that remain at the Hotel, all in violation of the ADA and NYSHRL.

18. That venue is proper in the Northern District of New York in that the Subject Property and Hotel and all events giving rise to the instant action either are located in or occurred in Warren County, State of New York.

**FIRST CAUSE OF ACTION**
**VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT**

19. Plaintiff re-avers and re-alleges the allegations set forth above, as though fully set forth herein.

20. On July 26, 1990, Congress enacted the ADA, explaining that its purpose was to provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities and to provide clear, strong, consistent, enforceable standards addressing such discrimination, invoking the sweep of congressional authority in order to address the major areas of discrimination faced day-to-day by people with disabilities to

7

ensure that the Federal government plays a central role in enforcing the standards set by the ADA. 42 U.S.C. § 12101(b)(l) - (4).

21. Congress specifically found, *inter alia*, that:[2]

    i.    Some 43,000,000 Americans have one or more physical or mental disabilities, and this number is increasing as the population as a whole is growing older;

    ii.    Historically, society has tended to isolate and segregate individuals with disabilities, and, despite some improvements, such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social problem;

    iii.    Individuals with disabilities continually encounter various forms of discrimination, including outright intentional exclusion, the discriminatory effects of architectural, transportation, and communication barriers, overprotective rules and policies, failure to make modifications to existing facilities and practices, exclusionary qualification standards and criteria, segregation, and relegation to lesser service, programs, activities, benefits, jobs, or other opportunities;

    iv.    Discrimination against individuals with disabilities persists in such critical areas of employment, housing, public accommodations, education, transportation, communication, recreation, institutionalization, health services, voting, and access to public services; and,

    v.    The continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our free society is justifiably famous, and

---

[2] 42 U.S.C. § 12101(a)(1) – (3), (5), and (9).

costs the United States billions of dollars in unnecessary expenses resulting from dependency and non-productivity.

22. The congressional legislation provided commercial enterprises with a period of one and a half years from the enactment of the statute to implement the requirements imposed under the ADA.

23. The effective date of Title III of the ADA was January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000.00 or less).[3]

24. Pursuant to 42 U.S.C. §1281(7) and 28 C.F.R. §36.104, the Hotel, which is subject to this action is a public accommodation because it provides good and services to the public.

25. Upon information and belief, the Hotel has begun operations, and/or has undergone substantial remodeling, repairs and/or alterations since January 26, 1992, and/or has sufficient income to make readily achievable accessibility modifications.

26. Pursuant to the mandates of 42 U.S.C. § 12134(a), on July 26, 1991, the Department of Justice, Office of Attorney General ("DOJ"), promulgated the ADAAG to implement the requirements of the ADA.[4]

27. Pursuant to the mandates of 42 U.S.C. §12134(a), on September 15, 2010, the DOJ published revised regulations for Title III of the Americans With Disabilities Act of 1990.  Public accommodations, including places of lodging were required to conform to these revised regulations on or before March 15, 2012.

28. On March 15, 2012, the revised regulations implementing Title III of the ADA took effect, imposing significant new obligations on inns, motels, hotels and other "places of lodging." 28 C.F.R. §36.302(e)(l) provides that:

---

[3] 42 U.S.C. § 12181; 28 C.F.R. § 36.508(a).
[4] 28 C.F.R. Part 36.

Reservations made by places of lodging. A public accommodation that owns, leases (or leases to), or operates a place of lodging shall, with respect to reservations ***made by any means***, including by telephone, in-person, or through a third party –

(i)      Modify its policies, practices, or procedures to ensure that individuals with disabilities can make reservations for accessible guest rooms during the same hours and in the same manner as individuals who do not need accessible rooms;

(ii)      Identify and describe accessible features in the hotels and guest rooms offered through its reservations service in enough detail to reasonably permit individuals with disabilities to assess independently whether a given hotel or guest room meets his or her accessibility needs;

(iii)      Ensure that accessible guest rooms are held for use by individuals with disabilities until all other guest rooms of that type have been rented and the accessible room requested is the only remaining room of that type;

(iv)      Reserve, upon request, accessible guest rooms or specific types of guest rooms and ensure that the guest rooms requested are blocked and removed from all reservations systems; and

(v)      Guarantee that the specific accessible guest room reserved through its reservations service is held for the reserving customer, regardless of whether a specific room is held in response to reservations made by others.

29. In promulgating the new requirements, the Department of Justice made clear that individuals with disabilities should be able to reserve hotel rooms with the same efficiency, immediacy, and convenience as those who do not need accessible guestrooms. *28 C.F.R. Part 36, Appx. A.*

30. Hotels (and motels) are required to accurately identify and describe all accessible features in the hotel and guestrooms; "[t]his requirement is essential to ensure individuals with disabilities receive information they need to benefit from the services offered by the place of lodging." *28 C.F.R. Part 36, Appx. A.* Moreover, "a public accommodation's designation of a

guestroom as "accessible" does not ensure necessarily that the room complies with all of the 1991 Standards." *28 C.F.R. Part 36, Appx. A.* Labeling a guestroom as "accessible" or "ADA" is not sufficient.

31. In addition,

> hotel rooms that are in full compliance with current standards may differ, and individuals with disabilities must be able to ascertain which features – in new and existing facilities – are included in the hotel's accessible guest rooms. For example, under certain circumstances, an accessible hotel bathroom may meet accessibility requirements with either a bathtub or a roll in shower. The presence or absence of particular accessible features such as these may mean the difference between a room that is usable by a particular person with a disability and one that is not.

*28 C.F.R. Part 36, Appx. A.* Accordingly, Defendants are required to set forth specific accessible features and not merely recite that a guestroom is "accessible" or "ADA" or list accessibility features that may (or may not) be offered within a particular room.

32. For hotels in buildings constructed after the effective date of the 1991 Standards, it is sufficient to advise that the hotel itself is fully ADA compliant, and for each accessible guestroom, to specify the room type, the type of accessible bathing facility in the room, and the communications features in the room. *28 C.F.R. Part 36, Appx. A.*

33. However, for hotels in buildings constructed prior to the 1991 Standards, information about the hotel should include, at a minimum

> information about accessible entrances to the hotel, the path of travel to guest check-in and other essential services, and the accessible route to the accessible room or rooms. In addition to the room information described above, these hotels should provide information about important features **that do not comply** with the 1991 Standards. For example, if the door to the "accessible" room or bathroom is narrower than required, this information should be included (e.g., door to guest room measures 30 inches clear). [emphasis added].

*28 C.F.R. Part 36, Appx. A.*

34. The Hotel is a place of public accommodation that owns and/or leases and operates a place of lodging pursuant to the ADA.

35. Upon information and belief, the Hotel has begun operations, and/or has undergone substantial remodeling, repairs and/or alterations since January 26, 1992, and/or has sufficient income to make readily achievable accessibility modifications.

36. The Website (and all other online reservation platforms used by the Hotel) is the nexus that allows reservations for the Hotel to be taken online. The Defendants have control over information provided to the public about the Hotel through the Website and/or other online platforms.

37. The Hotel, Subject Property, and Website are legally required to be, ***but are not***, in compliance with the ADA and/or ADAAG.

38. Prior to filing this lawsuit, Plaintiff visited the Website, and even called the Defendants despite not being legally obligated to do so, to learn about accessible features of the Hotel, and to independently assess whether the Hotel is accessible to him, and whether he could independently reserve an accessible room at the Hotel, in the same manner as those seeking to reserve non-accessible rooms.

39. Upon his visit to the Website, Plaintiff discovered that the Website listed several "accessible amenities" that would be found in a purported "Mobility Accessible Room."  The listed available accessible amenities included an "accessible bathroom" and "bedroom [that was] wheelchair accessible."

40. The Website also listed several other purported "Accessible Amenities," including but not limited to "accessible car self-park," "accessible guest room doorways with 32' clear width," and "accessible route[s]" to accessible guestrooms, parking, fitness center, and front desk.

41. Based on the Website's representations regarding the accessibility and ADA compliance of the Hotel, Plaintiff and his wife reserved an accessible room in the Hotel via the Website for an overnight stay commencing on July 11, 2022 and departing on July 13, 2022.

42. On July 11, 2022, Plaintiff arrived at the Hotel[5] with his wife to celebrate their wedding anniversary and immediately discovered numerous barriers to access, which demonstrated several false representations made on the Website regarding the accessibility of the Subject Property and the Hotel, and constitute violations of the ADA, 42 U.S.C. § 12181 *et seq.* and 28 C.F.R. §36.302 *et seq.*, that include, but are not limited to the following:

    a.  Violations relating to the parking lot of the Subject Property:

        i.  Failure to provide accessible parking;

        ii.  Failure to provide an ADA-compliant access aisle along the sides of the purportedly ADA-accessible parking spaces; and

        iii.  Failure to provide ADA-compliant signage indicating the location of the purportedly ADA-accessible parking spaces.

    b.  Violations relating to the common areas of the Hotel and Subject Property:

        i.  Failure to provide an accessible route to the Hotel entrance from the purportedly ADA-accessible parking spaces;

        ii.  Failure to provide an ADA-accessible entrance to the Hotel; and

        iii.  Failure to provide an ADA-accessible reception desk in the Hotel lobby,

---

[5] Plaintiff was assigned and provided access for the duration of his stay in Room 115 of the Hotel (the "Hotel Room").

   c.   Violations relating to the purportedly ADA-accessible Hotel Room:

      i.   Failure to provide the required minimum clear width of 32" at the entrance/exit door;

      ii.   Failure to provide sufficient unobstructed floor space to permit maneuvering by wheelchair users, and forcing wheelchair user to utilize less than the full amount of available floor space;

      iii.   Failure to provide a bed with adequate space underneath to accommodate a mechanical lifting device to assist wheelchair-bound individuals with transfer into and out of the bed; and

      iv.   Failure to provide an ADA-compliant bathtub and/or shower.

43.   Upon information and belief, a full inspection of the Subject Property and Hotel will reveal the existence of other barriers to access. Plaintiff specifically reserves the right to perform a full inspection of the Subject Property and Hotel to determine and have remedied all violations under the ADA.   Notice is hereby given that Plaintiff intends to amend the Complaint, if necessary, to include any and all new violations discovered during an inspection and that are not contained in the Complaint.

44.   Plaintiff has attempted to access the Subject Property and Hotel, but has been precluded from accessing the Subject Property and Hotel, because of his disabilities; specifically, Plaintiff was precluded by physical barriers to access, dangerous conditions, and ADA violations existing upon the Subject Property and Hotel.   These violations, which include but are not limited to those enumerated herein, prohibit Plaintiff from accessing the Subject Property and Hotel, and/or the goods, services, facilities, privileges, advantages and/or accommodations

offered therein.  Many of these barriers exists despite Defendants' assertions to the contrary on the Website.

45. Remediating the ADA and/or ADAAG violations set forth herein is both technically feasible and readily achievable.

46. Plaintiff intends to visit the Subject Property and Hotel, again in the future (immediately upon Subject compliance with an Order of this Court requiring that Defendants remedy the subject ADA violations) in order to utilize all of the goods, services, facilities, privileges, advantages and/or accommodations offered at the Subject Property and Hotel; however, in light of his disability, unless and until the Subject Property and Hotel, are brought into compliance with the ADA, Plaintiff will remain unable to fully, properly, and safely access the Subject Property and Hotel, and/or the goods, services, facilities, privileges, advantages and/or accommodations offered therein.

47. As a result of the foregoing, Defendants have discriminated against, and continue to discriminate against the Plaintiff, and others similarly situated, by denying access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the Subject Property and/or Hotel. Defendants' discrimination is specifically prohibited by 42 U.S.C. § 12182, *et seq*.

48. Moreover, Defendants will continue to discriminate against Plaintiff, and others similarly situated, until it is compelled by this Court to provide accurate information on its Website and remove all physical barriers upon the Subject Property and Hotel, which violate the ADA and/or ADAAG, including but not limited to those specifically set forth herein, and to make the Subject Property and Hotel, accessible to and usable by persons with disabilities, including Plaintiff.

49. Plaintiff is without adequate remedy at law, and is suffering irreparable harm, and reasonably anticipates that he will continue to suffer irreparable harm unless and until Defendants correct the false information on the Website regarding the ADA-accessibility of the Subject Property and Hotel, and remove the physical barriers, dangerous conditions, and ADA and/or ADAAG violations that exist upon the Subject Property and Hotel, including but not limited to those set forth herein.

50. This Court is vested with authority to grant injunctive relief sought by Plaintiff herein, including entry of an order (i) requiring alteration and modification of the Subject Property and Hotel, so as to make them readily accessible to and useable by individuals with disabilities, including but not limited to Plaintiff to the extent required by ADA and/or ADAAG, and (ii)  that compels Defendants to enact policies that are consistent with the ADA and its remedial purposes, and to alter and maintain its Website and all online reservation systems, in accordance with the requirements set forth within the 2010 Standards, 28 C.F.R. §36.302(e)(l), including without limitation requiring that the Defendants' Website provide accurate information regarding the accessibility of the Subject Property and Hotel, including its guest rooms.

51. Plaintiff has been obligated to retain the undersigned counsel for the filing and prosecution of this action, and has agreed to pay counsel reasonable attorney's fees, costs, and litigation expenses, all of which are recoverable against the Defendants.[6]

**SECOND CAUSE OF ACTION**
**VIOLATIONS OF THE NYSHRL, N.Y. EXEC. LAW ART. 15**

52. Plaintiff re-avers and re-alleges the allegations set forth above, as though fully set forth herein.

---

[6] 42 U.S.C. §§ 12205, 12117

53. Plaintiff carries a diagnosis of multiple sclerosis and uses a motorized wheelchair for mobility, in which Plaintiff utilizes his mouth muscles to manage his motorized wheelchair. Plaintiff requires full support from his wife and caregivers and is completely immobilized and requires lifts to get in and out of his motorized wheelchair.

54. Therefore, Plaintiff suffers from a disability within the meaning of N.Y. Exec. Law § 296(21).

55. N.Y. Exec. Law § 296(2)(a) provides that it is "an unlawful discriminatory practice for any person, being the owner, lessee, proprietor, manager, superintendent, agent or employee of any place of public accommodation . . . because of the . . . disability of any person, directly or indirectly, to refuse, withhold from or deny to such person any of the accommodations, advantages, facilities or privileges thereof."

56. The New York State Human Rights Law provides:

> It shall be an unlawful discriminatory practice for any person, being the owner, lessee, proprietor, manager, superintendent, agent or employee of any place of public accommodation...because of the … disability … of any person, directly or indirectly, to refuse, withhold from or deny to such person any of the accommodations, advantages, facilities or privileges thereof … to the effect that any of the accommodations, advantages, facilities and privileges of any such place shall be refused, withheld from or denied to any person on account of … disability … [7]

57. In 2019, the New York legislature enacted legislation that provides the New York State Human Rights Law shall be "construed liberally for the accomplishment of the remedial purposes thereof, regardless of whether federal civil rights laws, including those laws with provisions worded comparably to the provisions of this article, have been so construed". See Executive Law § 300 [effective date: August 12, 2019].

---

[7] NYS Exec. Law § 296 (2) (a).

58. The amendment of Executive Law § 300 to mirror the text of the New York City Local Civil Rights Restoration Act of 2005 (Local Law 85 of 2005), the New York State legislature confirmed the legislative intent to abolish parallel construction between the New York State Human Rights Law and related Federal anti-discrimination laws.

59. The Subject Property and Hotel is a place of public accommodation as defined by the NYSHRL.

60. The Website (and other online reservation platforms, as applicable) is a gateway to, and a part of, the Hotel, which is a place of public accommodation as defined by the New York State Human Rights Law.

61. Plaintiff visited the Website, Subject Property and Hotel and encountered architectural barriers as described herein.

62. By maintaining barriers, including architectural barriers, that discriminate against people with disabilities through the actions described above, Defendants have, directly or indirectly, refused, withheld, and/or denied to Plaintiff, because of his disability, the accommodations, advantages, facilities or privileges thereof provided at the Website, Subject Property and Hotel.

63. Defendant discriminated against Plaintiff in violation of NYSHRL (Executive Law § 296(2)), by maintaining and/or creating an inaccessible place of public accommodation.

64. Defendant has failed to take any prompt and equitable steps to remedy its discriminatory conduct. These violations are ongoing.

65. Plaintiff has been damaged and will continue to be damaged by this discrimination in an amount to be determined at trial.

66. Plaintiff is also entitled to reasonable attorneys' fees and costs.

67. Plaintiff respectfully requests a judgment pursuant to N.Y. Exec. Law § 297, including compensatory damages contemplated by § 297(9).

68. Plaintiff seeks a judgment pursuant to N.Y. Exec. Law §297, including damages pursuant to § 297(9) thereof.

### THIRD CAUSE OF ACTION
### (VIOLATION OF CIVIL RIGHTS LAW ART. 4)

69. Plaintiff re-avers and re-alleges the allegations set forth above, as though fully set forth herein.

70. Plaintiff served notice thereof upon the attorney general as required by Civil Rights Law §41.

71. Civil Rights Law § 40 provides that "all persons within the jurisdiction of this state shall be entitled to the full and equal accommodations, advantages, facilities and privileges of any places of public accommodations, resort or amusement, subject only to the conditions and limitations established by law and applicable alike to all persons. No persons, being the owner, lessee, proprietor, manager, superintendent, agent, or employee of any such place shall directly or indirectly refuse, withhold from, or deny to any person any of the accommodations, advantages, facilities and privileges thereof . . . ."

72. Civil Rights Law § 40-c(2) provides that "no person because of . . . disability, as such term is defined in section two hundred ninety-two of executive law, be subjected to any discrimination in his or her civil rights, or to any harassment, as defined in section 240.25 of the penal law, in the exercise thereof, by any other person or by any firm, corporation or institution, or by the state or any agency or subdivision."

73. Plaintiff is within the jurisdiction of New York because he personally visited the Hotel, a place of public accommodation, in New York State.  The Defendant targets New York citizens in New York State and is a sales establishment and public accommodation within the

definition of Civil Rights Law § 40-c(2). The Subject Property provides services, privileges, and/or advantages of Defendant.

74. Defendant is subject to the Civil Rights Law because it owns and operates the Subject Property . Defendant is a person within the meaning of N.Y. Civil Law § 40-c(2).

75. Defendant is violating Civil Rights Law § 40-c(2) in imposing access barriers to the Website, Hotel and Subject Property, causing the Hotel and the services integrated with the Hotel to be completely inaccessible to individuals with disabilities. This inaccessibility denies disabled patrons full and equal access to the facilities, goods, and services that Defendant makes available to the non-disabled public.

76. To make the Subject Property accessible to the disabled, Defendant needs to (i) alter and modify the Subject Property and Hotel, so as to make them readily accessible to and useable by individuals with disabilities, including but not limited to Plaintiff to the extent required by the ADA and/or ADAAG, and (ii) compel Defendants to enact policies that are consistent with the ADA and its remedial purposes, and to alter and maintain its Website and all online reservation systems, in accordance with the requirements set forth within the 2010 Standards, 28 C.F.R. §36.302(e)(l), including without limitation requiring that the Defendants' Website provide accurate information regarding the accessibility of the Subject Property and Hotel, including its guest rooms.

77. In addition, Civil Rights Law § 41 states that "any corporation which shall violate any of the provisions of sections forty, forty-a, forty-b or forty-two . . . shall for each and every violation thereof be liable to a penalty of not less than one hundred dollars nor more than five hundred dollars, to be recovered by the person aggrieved thereby…"

78. Defendant has failed to take any prompt and equitable steps to remedy its discriminatory conduct. These violations are ongoing.

79. As such, Defendant discriminates, and will continue in the future to discriminate against Plaintiff on the basis of his disability, and therefore, are being directly or indirectly refused, withheld from, or denied the accommodations, advantages, facilities and privileges thereof in § 40 et seq. and/or its implementing regulations.

80. Plaintiff is entitled to compensatory damages of five hundred dollars per instance, as well as civil penalties and fines pursuant to N.Y. Civil Law § 40 et seq. for each and every offense.

## ATTORNEYS' FEES AND COSTS

81. Plaintiff has been obligated to retain the undersigned attorneys for purposes of filing and prosecuting this lawsuit.  Pursuant to the ADA and New York state laws, Plaintiff is entitled to have his reasonable attorneys' fees, costs and expenses paid by the Defendants.

82. Plaintiff respectfully requests a judgment pursuant to N.Y. Exec. Law § 297, including compensatory damages contemplated by § 297(9).

## INJUNCTIVE RELIEF

83. Plaintiff will continue to experience unlawful discrimination because of Defendants' failure to comply with the ADA and the NYSHRL.

84. Pursuant to 42 U.S.C. § 12188, this Honorable Court is vested with the authority to grant injunctive relief in favor of the Plaintiff, including but not limited to the issuance of an Order that compels Defendants to alter and maintain its Website and all online reservation systems, in accordance with the requirements set forth within the 2010 Standards, 28 C.F.R. §36.302(e)(l), including without limitation requiring that the Defendants' Website provide accurate information regarding the accessibility of the Subject Property and Hotel, and to

alter the Subject Property and Hotel so that they are made readily accessible to, and useable by, all individuals with disabilities, including Plaintiff, as required pursuant to the ADA and the NYSHRL and closing the facilities until the requisite modifications are complete.

85. Therefore, injunctive relief is necessary to order Defendants to alter and modify their place of public accommodation, their policies, business practices, operations and procedures and Website.

86. Injunctive relief is also necessary to make the Hotel readily accessible and useable by Plaintiff in accordance with the ADA and the NYSHRL.

**WHEREFORE**, Plaintiff hereby demands judgment against the Defendants, jointly and severally, and requests the following injunctive and declaratory relief:

a) A declaration that the Subject Property, Hotel, and Website owned, leased, operated, controlled and/or administrated by Defendants are in violation of the ADA and the NYSHRL, Executive Law and Civil Rights Law;

b) An Order requiring Defendants to evaluate and neutralize their policies, practices and procedures towards individuals with disabilities, for such reasonable time to allow the Defendants to undertake and complete corrective procedures to Subject Property, Hotel, and Website;

c) An Order requiring Defendants undertake and complete a program of corrective remodeling, reconstruction, and other such actions as may be necessary, to remediate and eliminate all ADA and ADAAG violations found at trial to be present upon the Website, Subject Property and the Hotel;

d)  An Order requiring Defendants to alter their facilities and amenities to make them accessible to and useable by individuals with disabilities as required pursuant to Title III of the ADA, the ADAAG, and by the NYSHRL;

e)  An order requiring that the Website be disabled until such time as it complies with all ADA, ADAAG, and NYSHRL requirements, including but not limited to providing complete and accurate information about the accessibility and ADA compliance of the Subject Property and Hotel;

f)  An order requiring that the Hotel be closed to the general public until such time as it complies with all ADA, ADAAG, and NYSHRL requirements, including but not limited to complete remediation of physical barriers to access on the Subject Property and the Hotel;

g)  An Order issuing a permanent injunction ordering Defendants to close the Hotel and cease all business until Defendants remove all violations under the ADA and the NYSHRL, including but not limited to the violations set forth herein;

h)  An award of reasonable attorneys' fees, costs, disbursements and other expenses associated with this action, in favor of the Plaintiff;

i)  An award of damages in favor of Plaintiff in the maximum amount permitted by the NYSHRL, as well as, compensatory and punitive damages; and

j)  For such other and further relief that this Court deems just, necessary and proper.

Dated:  November 2, 2022                    Respectfully Submitted,

**Bashian & Papantoniou P.C.**
*Attorneys for Plaintiff*
500 Old Country Road, Ste. 302
Garden City, NY 11530
Tel:    (516) 279-1554
Fax:    (516) 213-0339

**By:** */s/ Erik M. Bashian, Esq.*
**ERIK M. BASHIAN, ESQ.**
eb@bashpaplaw.com

## <u>VERIFICATION</u>

MARK ZARAZINSKI, hereby verifies and says that I am the Plaintiff in the above-captioned case. I have reviewed the allegation and they are true and correct to the best of my knowledge, information, and belief.

Dated: November 2, 2022

DocuSigned by:

*Mark Zarazinski*

FEDE6577508743C...

_____

Mark Zarazinski